FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 30 2019
BROOKLYN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CIT BANK, N.A.,

                    **Plaintiff,**

            -against-

DOUGLAS HAWKINS, MORTGAGE ELECTRONIC
REGISTRATION SYSTEM ACTING SOLELY AS A
NOMINEE FOR CAMBRIDGE HOME CAPITAL,
LLC., MUNICIPAL CREDIT UNION, NEW YORK
CITY ADJUDICATION BUREAU, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                    **Defendants.**
------------------------------------------------------------------x

**ORDER**

**17-cv-4704 (NG) (SMG)**

**GERSHON, United States District Judge:**

Plaintiff CIT Bank, N.A. brought this action against defendants Douglas Hawkins, Mortgage Electronic Registration System ("MERS") (acting solely as a nominee for Cambridge Home Capital, LLC), Municipal Credit Union ("MCU"), New York City Transit Adjudication Bureau ("TAB"),[1] and New York City Environmental Control Board ("ECB") seeking to foreclose on a mortgage encumbering real property located at 69-52 De Costa Avenue, Arverne, New York ("the Property"). Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court issued a Certificate of Default against all defendants because of their failure to answer or otherwise respond to the complaint. Plaintiff now moves for a default judgment, computation of damages, and judgment of foreclosure and sale.

## DISCUSSION

Under Local Civil Rule 55.2(b), a party seeking a judgment by default shall include with its application "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response

---

[1] This defendant was improperly listed as New York City Adjudication Bureau in the complaint's caption.

has been made, and (3) a proposed form of default judgment." In addition, under Local Civil Rule 55.2(c), "all papers submitted to the Court" pursuant to Rule 55.2(b) "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court."

Plaintiff's motion for a default judgment did not include a copy of the certificate of default, an omission that renders it procedurally defective as to each defendant. The motion is therefore denied without prejudice. *See, e.g., Gustavia Home, LLC v. Derby*, 2017 WL 9989600, at *1–2 (E.D.N.Y. May 16, 2017).

Plaintiff's motion is also flawed because plaintiff has not sufficiently shown that the defendants other than Hawkins were properly served with its motion for a default judgment. Plaintiff did not file proof of service of its motion on the docket, but it did attach an affidavit of service to the courtesy copy of its motion that it submitted to the court. The affidavit, which the court has docketed, indicates that plaintiff served Hawkins, MERS, TAB, and ECB by mail on June 14, 2018. There is no proof of service for MCU. Moreover, the affidavit indicates that plaintiff served its motion on MERS, TAB, and ECB at addresses different from those at which it served each of them with the complaint. Therefore, should plaintiff renew its motion, it must not only file proof of service of the motion for *each* defendant on the docket, but it must explain why the address at which it served a defendant was proper. If the address differs from that at which a defendant was served with the complaint, plaintiff must address that discrepancy.

The court has reviewed the substance of plaintiff's motion and found several deficiencies. If plaintiff renews its motion, it shall also submit (and properly serve on defendants) supplemental motion papers addressing the following:

- Whether ECB's liens are against the Property at issue, rather than against Hawkins *in personam* or against the Bronx property listed on Schedule B.[2]

- The information on which plaintiff relies to show that TAB has one or more liens against the Property. Schedule B does not suffice.

- Whether plaintiff has satisfied the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1)A), and Local Civil Rule 55.1(b)(1), where the Status Report that plaintiff's counsel submitted contains a misspelling of Hawkins' name.

- The precise calculations plaintiff used to determine the principal and interest owed by Hawkins. Plaintiff should also address why the principal amount is $631,871.52 (as opposed to $632,295.20, the amount in the Modification Agreement); the source of the $12.75 credited to Hawkins; and how that credit should be factored into the interest calculation.

- An itemized list of each of the costs, escrow advances, late charges, and fees that plaintiff seeks to be awarded as damages under the terms of the Note, Mortgage, and Modification Agreement, and corresponding evidence showing that plaintiff incurred each of these costs. Printouts from plaintiff's internal computer program, without any guidance as to how to interpret them, are wholly inadequate.

- Unredacted copies of the time sheets plaintiff submitted to support its application for attorneys' fees. If plaintiff believes that any portion of those time sheets is privileged, it must provide support for that position and it must submit unredacted versions *in camera*.

---

[2] *See, e.g., Spring Homes LLC v. Rivera*, 2016 WL 5793196, at *3 (E.D.N.Y. Aug. 16, 2016), *report and recommendation adopted by* 2016 WL 5716499 (E.D.N.Y. Sept. 30, 2016).

3

Plaintiff is reminded that only confidential *communications* are privileged.[3] The mere fact that a conversation between a lawyer and client occurred or that a legal document was drafted is not privileged.

- Delineation of exactly which hours listed on plaintiff's counsels' time sheets were incorporated into the flat fee charged to plaintiff.

- The exact nature of each of plaintiff's attorneys' costs, and proof that each one was not only incurred but paid by plaintiff.[4]

- Authority for plaintiff's request for reimbursement of its attorneys' fees and costs that were incurred well before the initiation of this litigation.

## CONCLUSION

Plaintiff's motion for a default judgment is denied without prejudice and with leave to renew. If plaintiff elects to renew its motion, it shall do so by June 28, 2019. If plaintiff fails in its renewed motion to provide any of the information requested above, the corresponding relief will be denied with prejudice.

Plaintiff is advised that this order may not contain an exhaustive recitation of the deficiencies in its moving papers. It is cautioned to review its motion carefully to ensure that it has complied with all the rules applicable to default judgment motions and has provided sufficient support for the relief it seeks.

---

[3] *See, e.g., United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011).

[4] *Markey v. Lapolla Indus., Inc.*, 2017 WL 9512407, at *8 (E.D.N.Y. Aug. 24, 2017), *report and recommendation adopted by* 2017 WL 4271560 (E.D.N.Y. Sept. 26, 2017).

4

SO ORDERED.

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

May 30, 2019
Brooklyn, New York