# EXHIBIT I

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| CIT BANK, N.A.,<br><br>             Plaintiff,<br><br>  vs.<br><br>DOUGLAS HAWKINS, MORTGAGE ELECTRONIC REGISTRATION SYSTEM ACTING SOLELY AS A NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., MUNICIPAL CREDIT UNION, NEW YORK CITY ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD<br><br>             Defendants. | Case No.:<br>1:17-cv-04704-NG-SMG<br><br>**JUDGMENT OF**<br>**FORECLOSURE AND SALE** |

  On the Complaint duly filed in this action on August 10, 2017 and, the Notice of Pendency of Action filed with the Queens County Clerk on August 29, 2017 and all papers filed in and proceedings had thereon, and on reading and filing the Affirmation in Support of Plaintiff's Motion for a Judgment of Foreclosure and Sale submitted by Marc J. Gross, Esq., counsel for Plaintiff, dated August 28, 2019 from which it appears that each of the named Defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys, and stating that more than the legally required number of days had elapsed since said defendants were served and/or appeared; and that none of the defendants had served any answer to said Complaint, nor had their time to do so been extended; and that the Notice of Pendency containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Queens and has not been further amended to add new parties or to embrace real property not described in the Complaint,

And, on reading and filing the Affidavit of Tenisa Brooks sworn to on August 27, 2019 with exhibits annexed thereto, it appears that the sum due to Plaintiff for unpaid principal, interest,

{11556975:1}

assignment recording, and advances is $711,474.13 as of June 10, 2019, and that the Premises should be sold as one parcel, and on the Affirmation of Marc J. Gross, Esq., dated August 28, 2019 from which it appears that Plaintiff seeks an award of reasonable legal fees and for reimbursement of disbursements incurred, and additional sums would be due to Plaintiff from July 1, 2018 to the conclusion of the action, and on reading and filing the Motion of CIT ("Plaintiff"), the Affirmation of Marc J. Gross, Esq., with exhibits annexed thereto, and Plaintiff's Memorandum of Law;

Now, upon proof of due notice of this application upon all parties who have not waived the same, and this matter having regularly come on to be heard, and there being no opposition thereto,

**ON MOTION** of Bronster, LLP, attorneys for Plaintiff, it is

**ORDERED**, that Plaintiff's motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises, Block: 16045, Lot: 65 on the Tax Map of Queens County, State of New York, more commonly known as 69-52 De Costa a/k/a 6952 De Costa Avenue Arverne, New York and more particularly described in Schedule "A" annexed hereto (the "Premises") be sold, in one parcel, at public auction in the United States Courthouse, Room _____, 225 Cadman Plaza East, Brooklyn, NY 11201, on any day of the week the courthouse is open at a time selected by the Referee, by and under the direction of Special Master _____ or U.S. Magistrate Judge Hon. _____, who is hereby appointed Referee for that purpose (hereinafter "Referee"), that the said Referee set the date of sale and give public notice of the time and place of such sale in accordance with New York Real Property Actions and Proceedings Law ("RPAPL") §231 in the _____ published in Queens County, New York, and it is further

{11556975:1}

**ORDERED, ADJUDGED AND DECREED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall present government-issued photo identification to the Referee, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten (10%) percent of the sum bid and shall execute Referee's Terms of Sale for the purchase of the Premises, unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Premises, the Premises shall thereafter immediately, on the same day, be re-offered at auction, and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee at or at such other location as the Referee shall determine within thirty (30) days, unless otherwise stipulated by Plaintiff, the Referee, and the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee deposit all funds received pursuant to this Judgment in his own name as Referee for the benefit of this action with the Clerk of this Court, which proceeds of sale may be withdrawn on his own order in connection with the closing of title pursuant to this Judgment, and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

<u>FIRST</u>: The statutory fees and commissions of said Referee, if any. In the event a scheduled sale is adjourned, cancelled, or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment, cancellation, or postponement,

{11556975:1}

unless the Referee has requested the adjournment, cancellation, or postponement, should the Referee be entitled to such compensation. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Judgment shall constitute the necessary prior authorization for compensation as set forth herein.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to RPAPL §1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the Premises by a municipal agency which have priority over the foreclosed mortgage, which are liens on the Premises at the time of sale with such penalties which may have lawfully accrued thereon to the date of payment.

FOURTH: Said Referee shall then pay to Plaintiff or to Plaintiff's attorneys the sum of $711,474.13, the said amount so reported due as aforesaid, together with interest thereon from June 10, 2019, the date the interest was calculated to in said Report at the Note rate, to the date of entry of this Judgment, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the Premises will pay of the same, together with $13,070.00 awarded to Plaintiff as reasonable legal fees, together with $1,239.95 awarded to Plaintiff as reimbursement for disbursements of which has been included in the total and an additional $2,150.00 in anticipated fees, together with any advances as provided for in the instrument which Plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to inspect, repair, appraise and/or maintain the Premises

{11556975:1}

pending the consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the Note and Mortgage, as above provided, and copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL §1355, and it is further

**ORDERED, ADJUDGED AND DECREED** that in case Plaintiff be the purchaser of said mortgaged Premises at said sale, said Referee shall not require Plaintiff or Plaintiff's assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff or to Plaintiff's assignee a Deed of the Premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments for Referee for compensation and expenses, taxes, assessments, sewer rates, water rates, and priority liens of a municipal agency, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified above in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, then Plaintiff shall pay to said Referee, upon delivery to Plaintiff of said Referee's Deed, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL §1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the Premises, pursuant to RPAPL §1345(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with

{11556975;1}

RPAPL §1345(4) and the Referee shall give notice of such surplus to the owner of the mortgaged Premises as identified by Plaintiff at the time of the sale, and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff may recover from defendant Douglas Hawkins, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the debt remaining unsatisfied after the sale of the mortgaged Premises and the application of proceeds thereof, provided a motion for deficiency judgment shall be made as prescribed by RPAPL §1371 within ninety (90) days of the delivery of the Deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action, and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at such sale be let into possession of the Premises on production of the Referee's Deed or Deeds; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Premises to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to:

- any state of facts that an inspection of the Premises would disclose;
- any state of facts that an accurate survey of the Premises would disclose;

{11556975:1}

- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;

- covenants, reservations, restrictions, easements, declarations, rights of way and public utility agreements of record, if any;

- any building and zoning ordinances of the municipality in which the mortgaged Premises is located and any violations of same;

- any and all rights of tenants, or persons in possession of the Premises other than tenants, or any portion thereof;

- any equity of redemption of the United States of America to redeem the Premises or any portion thereof within one hundred twenty (120) days from date of sale; and

- prior lien(s) of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL §1354;

and it is further

**ORDERED,** that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED,** that a copy of this Judgment shall be served upon the designated Referee, the owner of the equity of redemption as of the date of filing of the Notice of Pendency, any tenants or occupants named in this action, and any other party entitled to notice.

The description of the Premises encumbered by the mortgage being foreclosed is annexed hereto as Schedule "A".

**E N T E R :**

_____
U. S. D. J

{11556975:1}

## SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of DeCosta Avenue, distant 507.55 feet Westerly from the corner formed by the intersection of the Northerly side of DeCosta Avenue with the Westerly side of Beach 69th Street;

RUNNING THENCE Northerly parallel with Beach 69th Street, and part of the distance through a party wall, 100 feet;

THENCE Westerly parallel with DeCosta Avenue, 27.17 feet;

THENCE Southerly again parallel with Beach 69th Street, 100 feet to the Northerly side of DeCosta Avenue;

THENCE Easterly along the Northerly side of DeCosta Avenue, 27.17 feet to the point or place of BEGINNING.

{11556975:1}